

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCEDES GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1905-K |
| | § | |
| UNIVISION, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' Motion to Dismiss. The Court **DENIES** the motion as it relates to Plaintiff Mercedes Garza's ("Plaintiff") claims against Defendant Univision ("Univision") for (1) hostile work environment and (2) retaliation in violation of Title VII and Texas Commission on Human Rights Act ("TCHRA"), and (3) against Univision and Ms. Kattan for negligent supervision . For the following reasons, the Court **GRANTS** the motion to dismiss as it relates to Plaintiff's claims for violations of Title VII and TCHRA for (1) hostile work environment, gender discrimination, and retaliation by Ms. Kattan and Mr. Manrique, (2) gender discrimination against Univision, and for (3) infliction of emotional distress by Defendants.

I.  **Factual Background**

Plaintiff is a reporter for a local television station which is an affiliate of Univision. Plaintiff complains that soon after began working in January 2003, she

became uncomfortable around Mr. Manrique, a cameraman who was frequently assigned to work with her. In her complaint, Plaintiff alleges that, from approximately January to September 2003, Mr. Manrique acted in such a way to make Plaintiff feel uncomfortable, including: (1) inappropriately kissing and touching Plaintiff, such as rubbing Plaintiff's back, particularly her bra strap; (2) suggesting he and Plaintiff share a hotel room while on assignment in Oklahoma; (3) caressing Plaintiff's hair while she took a nap in the news van while on location; (4) caressing Plaintiff's hair and calling her "Chiquita" when she became upset that she and Mr. Manrique were assigned on a location away from the station; (5) Plaintiff finding a CD in her work computer which contained images of Mr. Manrique and his girlfriend on vacation, including a picture of him shirtless and others of him and his girlfriend affectionately touching; and (6) giving a sexually oriented toy to other employees at the station.

During this time period, Plaintiff complained repeatedly to Ms. Kattan, her immediate boss. Initially, Ms. Kattan advised Plaintiff to talk to Mr. Manrique herself, but Ms. Kattan took no action. Ms. Kattan failed to respond to an email Plaintiff sent again complaining of Mr. Manrique's behavior. Ms. Kattan later admitted she had not said anything to Mr. Manrique about Plaintiff's complaints. In October 2003, Ms. Kattan informed Plaintiff that, because of his inappropriate workplace behavior, Mr. Manrique received three days unpaid suspension. Plaintiff

later learned that Mr. Manrique was actually sent on a work assignment to Laredo, and his girlfriend, a fellow employee, was given extra time-off to accompany him.

Plaintiff contends that after she began complaining to Ms. Kattan and Mr. Manrique's supervisors, Mr. Manrique retaliated against her by refusing to provide proper lighting during shoots, rewriting her stories, talking badly about her to other employees, and making negative comments on her work. Plaintiff further contends Univision and Ms. Kattan retaliated against her by denying her stories, and by excluding her from radio promotions, the sweeps TV promotion, public service events, and the holiday promotions.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of*

*Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, the plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

A.  Title VII and TCHRA Claims Against Defendants Ms. Kattan and Mr. Manrique

In her complaint, Plaintiff asserts claims against Ms. Kattan and Mr. Manrique for violating Title VII and TCHRA for a hostile work environment, gender discrimination, and retaliation. Title VII and TCHRA provide for liability only as to an employer, as defined in the statutes, not an individual supervisor or fellow employee. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651-52 (5th Cir. 1994); *Vincent v. Coates*, No. Civ. 3:02-CV-1977-N, 2004 WL 1787838, at *3-4 (N.D. Tex. July 2, 2004) (Godbey, J.). Ms. Kattan and Mr. Manrique do not meet the definition of "employer." *See Grant*, 21 F.3d at 651; *see also Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.–Waco 2000, pet. denied)(individual liability not available under TCHRA). Therefore, Plaintiff's claims for violations of Title VII and TCHRA as they relate to Ms. Kattan and Mr. Manrique are dismissed as a matter of law. *See Conley*, 355 U.S. at 45-46; *Leffall*, 28 F.3d at 524.

ORDER – PAGE 4

B.  Title VII and TCHRA Claims Against Defendant Univision

1.  Hostile Work Environment

Plaintiff also asserts claims against Univision for violating Title VII and TCHRA for a hostile work environment and gender discrimination. Univision clearly meets the definition of "employer." *See Grant*, 21 F.3d at 351.

The Court concludes, when viewing the facts in the light most favorable to Plaintiff and if true as she plead, Plaintiff can possibly prove facts sufficient to support her claim for hostile work environment against Univision. *See Conley*, 355 U.S. at 45-46. Accordingly, the Court denies the motion to dismiss as to this claim against Univision.

2.  Gender Discrimination

Regarding the claim for gender discrimination, the Court finds Plaintiff did not provide any facts to make a prima facie case for gender discrimination. Plaintiff is required to show: (1) she is a member of a protected group; (2) she was qualified for her job; (3) despite her qualifications, she was adversely affected in her employment by a decision; and (4) similarly situated males received more favorable treatment or the position was filled by a male. *See Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994).

The Court concludes Plaintiff failed to allege any facts that she suffered an adverse action by Defendants based on her gender. Plaintiff contends Defendants treated her "more adversely than similarly situated male employees" in violation of

ORDER – PAGE 5

Title VII and TCHRA. Plaintiff's complaint alleges "that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other discriminatory practices against her which are not yet fully known." In addition, Plaintiff failed to show she suffered an adverse action. Plaintiff also failed to show similarly situated males were treated more favorably than she was. Plaintiff alleges no specific facts to sufficiently meet her burden. *See Rutherford*, 197 F.3d at 184. This claim for gender discrimination against Univision should be dismissed.

### C.  Infliction of Emotional Distress

Plaintiff alleges a claim against the Defendants for the infliction of emotional distress. Four factors must be met in establishing a claim for intentional infliction of emotional distress: (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions caused plaintiff emotional distress; and (4) plaintiff's emotional distress was severe. *See Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). In this case, Plaintiff contends the evidence viewed in the light most favorable to Plaintiff establishes Defendants conduct was "extreme and outrageous."

The tort of intentional infliction of emotional distress is a "gap-filler," meaning such a claim allows for "recovery in those rare instances [in] which a [victim]. . .has no other organized theory of redress." *Id.* at 447. Consequently, a plaintiff's claim for intentional infliction of emotional distress cannot be maintained when the crux of the plaintiff's complaint is covered by another statutory remedy, whether successfully

asserted or not. *Id.* at 448. Therefore, when the facts offered by a plaintiff to support her claim for intentional infliction of emotional distress are the same facts supporting her Title VII claim, the claim for intentional infliction is preempted. *See Sauceda v. Bank of Texas, N.A.*, No. Civ. 3:04-CV-2201-P, 2005 WL 578474, *2-3 (N.D. Tex. March 9, 2005)(Solis, J.) (citing *Stewart v. Houston Lighting & Power Co.*, 998 F. Supp. 746, 757 (S.D. Tex. 1998).

### 1. Univision

The facts offered by Plaintiff to support her claim against Univision for intentional infliction of emotional distress are the same facts she alleges support her Title VII claims. In support of her Title VII claims, Plaintiff contends she was subjected to "harassment based on her sex" and to "sexual advances and other conduct of a sexual nature," and then her rebuke of these advances caused her further harassment and retaliation. In support of her intentional infliction of emotional distress claim, Plaintiff alleges she suffered "severe emotional distress" from "the continuing sexual harassment" and retaliation she was subjected to. It is clearly evident that Plaintiff's claim for intentional infliction of emotional distress is supported by the same set of facts offered by Plaintiff to prove up her Title VII claim. Consequently, her claim against Univision for intentional infliction of emotional distress is preempted. *See Stewart*, 998 F. Supp. at 757. Defendants' motion to dismiss this claim against Univision is granted.

### 2. Ms. Kattan and Mr. Manrique

This claim for intentional infliction of emotional distress as it relates to Ms. Kattan and Mr. Manrique cannot be preempted, because the Court previously concluded the Title VII claims against them should be dismissed. Therefore, the Court must first examine whether Plaintiff's complaint alleges conduct which is "extreme and outrageous," that being so extreme in degree, or so outrageous in character, that it surpasses all boundaries of decency, to be characterized as atrocious, and entirely intolerable in a civilized community. *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 307 (5th Cir. 1989). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. *See Capital Parks*, 30 F.3d at 629.

#### a. Ms. Kattan

Texas case law has narrowly defined "extreme and outrageous" conduct in employment cases, such that this cause of action does not arise in mere "employment disputes." *Johnson v. Merrell Dow Pharmaceutical, Inc.*, 965 F.2d 31, 33 (5th Cir. 1992); *see Sauceda*, 2005 WL 578474 at *5. "Mere employment disputes" are defined as involving ways employers supervise, review, criticize, demote, transfer, and discipline employees. *See Johnson*, 965 F.2d at 33.

In this case, as Plaintiff's immediate boss, Ms. Kattan's alleged actions which inflicted the emotion distress include: (1) failing to respond to Plaintiff's initial complaints about Mr. Manrique; (2) responding to Plaintiff that sexual harassment

ORDER – PAGE 8

was "part of being a female in the workplace;" (3) admitting she had not said anything to Mr. Manrique about Plaintiff's complaints; (4) sending Mr. Manrique on a special report during his three-day unpaid suspension, and giving Mr. Manrique's girlfriend, also an employee, time-off to accompany him; and (5) along with Univision, denying Plaintiff stories, excluding her in "the sweeps TV promotion," public service events, and the station's holiday promotions. The Court concludes these alleged actions amount to a mere employment dispute and, therefore, do not amount to "extreme and outrageous" conduct. *See Best v. GTE Directories Serv. Corp.*, No. Civ. 3:92-CV-0163-D, 1993 WL 13143213, slip op. at 3, (N.D. Tex. Mar. 19, 1993) (Fitzwater, J.) (plaintiff's complaints of not being assigned work and training, not being included in work-related communications, receiving low performance review, and having more "onerous terms and conditions" on her not "extreme and outrageous" conduct). This claim is dismissed as to Ms. Kattan.

b.  Mr. Manrique

Plaintiff alleges Mr. Manrique: (1) made her feel uncomfortable "kissing her and touching her inappropriately"; (2) would rub her back, particularly around her bra strap; (3) suggested the two get one hotel room when on assignment in Oklahoma; (4) caressed her hair on two occasions; (5) gave a sexual toy to several employees in the office; and (6) in retaliation for her complaints, refused to give her proper lighting on her interviews, rewrote some of her stories, and spoke poorly about her to other employees. Even taking Plaintiff's facts as true, the Court cannot

conclude Mr. Manrique's conduct as alleged in the complaint was so "extreme and outrageous." It does not amount to conduct so extreme in degree, so outrageous in character that it goes beyond all boundaries of decency that it is atrocious, or is utterly intolerable in a civilized community. Although Mr. Manrique's conduct was clearly unwanted, the Court cannot conclude that it rises to the level of "extreme and outrageous" even taking all the well-pleaded facts as true and in the light most favorable to the Plaintiff. This claim asserted against Mr. Manrique is dismissed.

### D.  Negligent Supervision

Plaintiff asserts a claim against Univision and Ms. Kattan for negligent supervision for failing to prevent the complained-of harassing conduct and to protect Plaintiff.

In their motion, Defendants argue because Plaintiff complains of only emotional injuries from the alleged negligent supervision, this claim is in actuality a claim for negligent infliction of emotional distress. The Court finds no case law supporting this argument. The Court denies the motion to dismiss as to this claim. *See Sauceda*, 2005 WL 578474, at *3-5 (TCHRA does not preempt state common-law

claims, so plaintiff can plead alternatively statutory claim under TCHRA and state common-law claim).

**SO ORDERED.**

May 3rd, 2005.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 11